IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

NORTH AMERICAN SPECIALTY }
INSURANCE COMPANY, a }
corporation, }
 }   Case No.: 2:05-CV-1353-RDP
Plaintiff, }
 }
v. }
 }
BERMAN CONSTRUCTION & }
DEVELOPMENT, L.L.C. and ELAN }
BERMAN, KEN DICKSON and }
MARSHA DICKSON, }
 }
Defendants. }

## MEMORANDUM OPINION

The court has before it the Motion to Dismiss by Defendants Elan Berman and Berman Construction & Development, L.L.C. (Doc. # 6). The motion has been fully briefed, and the court heard oral argument on the motion during a telephone conference on October 5, 2005. For the reasons outlined below, the court finds that the motion is due to be granted.

This is an action for declaratory judgment related to a dispute about insurance coverage. Plaintiff, North American Specialty Insurance Company, has asked this court to determine whether it has a duty to indemnify Berman Construction & Development, L.L.C. (Berman Construction), and Elan Berman, in an underlying suit by Ken Dickson and Marsha Dickson (Homeowners) against Berman Construction.[1]

---

[1] Plaintiff has provided a defense to Berman Construction in the underlying state court action pursuant to a reservation of rights clause in the insurance policy. During the conference call, Plaintiff conceded that it cannot assert at this time that it does not have a duty to defend Berman Construction in the underlying state court action brought by the Homeowners (who are also Defendants in this case). Accordingly, the only issue presently before this court is whether Plaintiff has a duty to indemnify Berman Construction.

This court's judicial authority is limited by the Constitution to resolution of "cases" and "controversies." U.S. Const. art. III, § 2. This requirement applies equally to cases asserted under the Declaratory Judgment Act. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937) (finding that the Act, "in its limitation to 'cases of actual controversy,' manifestly has regard to the constitutional provision, [and thus] is operative only in respect to controversies which are such in the constitutional sense"). Moreover, courts have great discretion in the exercise of jurisdiction under the Declaratory Judgment Act. The Act provides that a court "*may* declare the rights and other legal relations of any interested party seeking this declaration," 28 U.S.C.A. § 2201 (emphasis added), and therefore it is merely "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Public Serv. Commission v. Wycoff Co.*, 344 U.S. 237, 241 (1952).

Against this backdrop, this court must determine whether it is appropriate to assert jurisdiction under the Declaratory Judgment Act over Plaintiff's duty to indemnify claims in this case. The court agrees with the Middle District of Alabama's finding that "a determination of the duty to indemnify cannot be made at a preliminary stage in the proceedings, when it is still possible for the plaintiff in the underlying lawsuit to change the theory of liability and assert a claim that is covered by the policy at issue." *Guaranty Nat. Ins. Co. v. Beeline Stores, Inc.*, 945 F. Supp. 1510, 1514 (M.D. Ala.,1996) (citing *Ladner & Co., Inc. v. Southern Guaranty Ins. Co.*, 347 So.2d 100, 104 (Ala.1977)). The court notes that Berman Construction could prevail in the state court lawsuit underlying this case, which would render moot the issue of the duty to indemnify. In addition, if the court permitted this case to go forward and such a result in the underlying state court litigation was achieved, there would be a waste of the judicial resources expended on this case.

Accordingly, this court determines that the issue of indemnification – the only issue in this case – is not sufficiently ripe to present a "case" or "controversy" and, therefore, Plaintiff's claims are not ripe for adjudication.[2]  Alternatively, and in any event, the court declines to exercise its discretion under the Declaratory Judgment Act to resolve this matter. *See Nationwide Insurance v. Zavalis*, 52 F.3d 689, 693 (7th Cir.1995) ("[T]he duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit.").

Therefore, the court will dismiss this case, without prejudice to refiling if the issues presented herein become ripe for adjudication.

**DONE** and **ORDERED** this ___6th___ day of October, 2005.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[2]The court also notes that its decision leaves unresolved the issue of whether Plaintiff has met the amount in controversy requirement in this case. 28 U.S.C. § 1332. However, because this court has decided that this case is not yet ripe for adjudication, no decision is made regarding the amount in controversy issue.